```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**WESTFIELD INSURANCE COMPANY,**
an Ohio corporation,

       Plaintiff

v.                                             Civil Action No. 2:08-0934

**JEREMY S. GOODALL,**
Administrator of the Estate of
Logan Shane Goodall,

       Defendant

## MEMORANDUM OPINION AND ORDER

Pending is defendant's "MOTION TO STAY STATEMENT OF FACTS[,]" ("motion to stay"), filed October 2, 2008.

I.

Defendant Jeremy S. Goodall ("the Administrator") instituted an action in the Circuit Court of Kanawha County against John V. Merrifield, M.D., Diane R. Merrifield, and the West Virginia Department of Health and Human Resources ("circuit court action"). The Administrator alleged that the Merrifields were liable for their son Michael's alleged abuse of Logan Goodall and his resulting death in 2005. Trial is presently scheduled for April 20, 2009.

On January 18, 2007, plaintiff Westfield Insurance Company ("Westfield") instituted a declaratory judgment action against Dr. and Diane Merrifield in this court.  See Westfield Insurance Co. v. Merrifield, No. 2:07-00034 (S.D. W. Va. Jan. 18, 2007) ("federal civil action").  On February 5, 2008, judgment was entered in the federal civil action based upon Chief Judge Goodwin's conclusion that the Merrifields' Westfield Homepak Policy did not provide coverage for the claims alleged against them in the circuit court action.  On July 21, 2008, Westfield instituted this action "to quiet any claim [the Administrator] . . . might make under the Homepak Policy."  (Pl.'s Resp. at 2).

The circuit court action was stayed pending the disposition of state felony charges pending against Dr. and Diane Merrifield.  The criminal charges have now been resolved, as have the claims for medical negligence, violation of statute, and civil conspiracy against Dr. Merrifield in the circuit court action.  Discovery is proceeding in the circuit court action as to Dianne Merrifield.  The Administrator describes the nature of the circuit court action against Dianne Merrifield as follows:

> In the underlying action, Plaintiff alleges that Mrs. Merrifield had a duty to cooperate and provide truthful information to the DHHR, and that she breached this duty by providing false information or otherwise withheld information. Westfield maintains that Mrs. Merrifield's actions did not constitute an "occurrence"

> under the Policy, and that the claims against Mrs. Merrifield are precluded by the exclusions in the Policy, purporting to deny coverage for expected or intended injury or damages, or for "bodily injury" or "property damage" arising out of sexual molestation or physical abuse.
>
> However, the nature of Mrs. Merrifield's conduct and not the precise cause of the injuries sustained by Logan Shane Goodall is the critical issue to be resolved in the underlying civil action. Further discovery is ongoing in the underlying civil action which will assist in resolving these and other issues. For example recently discovered evidence indicates that Logan Shane Goodall suffered a serious "dog bite" to the scrotum while at the Merrifield's residence, thereby affording coverage under the subject Hompak policy. As a result of this recently discovered information, Jeremy Goodall will be filing a Motion For Leave To Amend Complaint in the underlying civil action on or before January 1, 2009.

(Def.'s Memo. in Supp. at 2-3).

Westfield responds, <u>inter alia</u>, that (1) allegations relating to the dog bite were, upon filing of the motion to stay, absent from the complaint in the circuit court action, (2) the statute of limitations has expired on any claim arising out of the new allegations, and (3) the Administrator was aware of the federal civil action and is now bound by the resulting judgment under claim and issue preclusion principles.

The Administrator replies that (1) he was not aware of the federal civil action and should not be bound by it, (2) Westfield could have joined him as a party but did not do so, (3)

3

other claims and legal theories not presented in the federal civil action will now be presented, and (4) the allegations relating to the dog bite are not time barred.  In seeking the stay, the Administrator contends that the completion of discovery in the circuit court action will aid this court in resolving the coverage issues.

II.

Assuming the circuit court action and this action qualify as parallel proceedings in any respect, the court of appeals has observed as follows:

> To determine whether to proceed with a federal declaratory judgment action when a parallel state court action is pending, we have focused on four factors: (1) whether the state has a strong interest in having the issues decided in its courts; (2) whether the state court could resolve the issues more efficiently than the federal court; (3) whether the presence of overlapping issues of fact or law might create unnecessary entanglement between the state and federal court; and (4) whether the federal action is mere procedural fencing in the sense that the action is merely the product of forum shopping.

Great American Ins. Co. v. Gross, 468 F.3d 199, 211 (4th Cir. 2006) (citations omitted); New Wellington Financial Corp. v. Flagship Resort, 416 F.3d 290, 297 (4th Cir. 2005); Penn-America Ins. Co. v. Coffey, 368 F.3d 409, 412 (4th Cir. 2004).

Respecting the first factor, the panel in Gross suggested that federal courts may use their discretion to abstain in this context "only when the questions of state law involved are difficult, complex, or unsettled." Id. at 211 (citing Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 378 (4th Cir. 1994)). The underlying issues here do not appear to be novel. See Coffey, 368 F.3d at 414 (observing that "the State's interest is 'not particularly significant' where any state law issues are standard and 'unlikely to break new ground.'")(quoted authority omitted).

The second factor presents the opportunity for both sides to speculate concerning efficiency but, in the end, there is no substantial indication that the requested stay will result in the fair, just, and speedy resolution of the federal and state controversies. No harm is wrought by permitting the two actions to proceed simultaneously at this point. For example, the discovery exchanged in both actions need not be duplicated and can be submitted with the briefing for dispositive motions in either court should the need arise. Regarding both the second and third factors, should it appear later that this court ought to pause given the posture of the circuit court action, or the

5

impending resolution there of any questions necessary to the interpretation of the policy, any party may so inform the court and curative action may be taken at that time.  Those concerns are not presented currently.

      Finally, Gross explained that "procedural fencing" occurs when "a party has raced to federal court in an effort to get certain issues that are already pending before the state courts resolved in a more favorable forum . . . ."  Id.  That has not occurred here.  The coverage issues are not apparently presented in the circuit court action.  There is little indication that Westfield has attempted a clever parry by coming to federal court.  Instead, it appears to have merely availed itself of the federal forum provided to it by Congress.  Coffey, 368 F.3d at 414 ("There is a live and serious question of whether the . . . exclusion in the policy . . . applies, and the evidence in the record leads to the conclusion that Penn-America has appropriately sought a declaratory judgment in federal court to clarify and settle the issue.").

Inasmuch as the factors presently weigh in favor of the continued exercise of federal jurisdiction without a stay, the court ORDERS that the motion to stay be, and it hereby is, denied.[1]

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED: January 16, 2009

John T. Copenhaver, Jr.
United States District Judge

---

[1] The same result is reached if the motion to stay is addressed under the more common Rule 26(c) rubric applicable to non-parallel proceedings.